**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REKHA GORREPATI, *et al.*,<br>     Plaintiffs<br><br>     v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*,<br>     Defendants | Civil Action No. 21-0062 (CKK) |

**MEMORANDUM OPINION**
(February 25, 2021)

Rehka Gorrepati and her husband Vijaya Ram Prasad Mandepudi (collectively, "Plaintiffs") are foreign nationals residing in De Pere, Wisconsin. *See* Compl., ECF No. 1, ¶ 3. Mr. Mandepudi is presently employed at Humana Inc., as a temporary worker with H-1B immigration status. *See id.* ¶¶ 3–4. Ms. Gorrepati is employed as a Senior Quality Analyst with a technology company in Wisconsin called Indus Info Systems, but her employment authorization expired on December 31, 2020. *See id.* ¶ 6. Before the expiration of her employment authorization, Ms. Gorrepati submitted a Form I-765 Application for Employment Authorization to the United States Citizenship and Immigration Services ("USCIS") on July 21, 2020, requesting status as an "H-4 spouse" of an H1-B worker. *See id.* ¶ 8. Ms. Gorrepati's application currently remains pending, and, as of December 31, 2020, Indus Info Systems placed Ms. Gorrepati on a leave of absence. *See id.* ¶ 10. On January 8, 2021, Plaintiffs filed this civil action seeking "to compel Defendant USCIS to adjudicate [Ms. Gorrepati's] Form I-765 EAD application and send her Form I-766 EAD card to her as soon as possible, so that she can continue working for her employer." *Id.* ¶ 12.

1

On February 5, 2021, Defendants responded to Plaintiffs' complaint with a motion to transfer this action to the Eastern District of Wisconsin. *See* Defs.' Mot., ECF No. 6, at 1. In their motion, Defendants also requested an extension of time to respond to Plaintiffs' complaint. *See id.* Plaintiffs have consented to both requests. *See id.* Accordingly, and for the reasons set forth below, the Court will **GRANT** Defendants' motion to transfer this action and for an extension of time to respond to Plaintiffs' complaint.

## I. Transfer to the Eastern District of Wisconsin

Under 28 U.S.C. § 1404(a), this Court "may transfer any civil action to any other district or division where it might have been brought," "[f]or the convenience of parties and witnesses" and "in the interest of justice." "The Court has 'broad discretion' to transfer a case under section 1404," *Rossville Convenience & Gas, Inc. v. Barr*, 453 F. Supp. 3d 380, 385 (D.D.C. 2020) (quoting *In re Scott*, 709 F.2d 717, 719 (D.C. Cir. 1983)), but must exercise this discretion on the basis of an "individualized, case-by-case" analysis of whether transfer is appropriate, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Determining whether transfer is appropriate pursuant to section 1404(a) calls for a two-part inquiry." *Bourdon v. United States Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 304 (D.D.C. 2017). "First, the Court must ask whether the transferee forum is one where the action 'might have been brought' originally." *Id.* (quoting 28 U.S.C. § 1404(a)). "Second, the Court must consider whether private and public interest factors weigh in favor of transfer." *Id.* "The party moving to transfer venue bears the burden of establishing that convenience and the interests of justice weigh in favor of transfer." *Id.* at 303.

Here, Defendants move to transfer this case to the Eastern District of Wisconsin. As an initial matter, the Court has no trouble concluding that Plaintiffs "might have brought" this action within that judicial district. *Bourdon*, 235 F. Supp. 3d at 304 (quoting 28 U.S.C. § 1404(a)). Venue

would be proper in this case "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) *the plaintiff resides*." 28 U.S.C. § 1391(e)(1) (emphasis added).  Plaintiffs both reside in De Pere, Wisconsin, which is located within the Eastern District of Wisconsin.  *See* Compl., ECF No. 1, ¶ 3.  Accordingly, Plaintiffs could have originally filed the present action with that judicial district.

Next, the Court must consider whether the private and public interests weigh in favor of a transfer to the Eastern District of Wisconsin.  "Private interest considerations include: (1) the plaintiffs' choice of forum"; "(2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant"; and "(6) the ease of access to sources of proof."  *Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 385–86.  Public interest considerations include: "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home."  *Id.* at 386; *see also Bourdon*, 235 F. Supp. 3d at 308.

Within this framework, the Court first finds that the "private interest considerations" weigh in favor of transfer.  To begin, Plaintiffs have consented to Defendants' request for a transfer to the Eastern District of Wisconsin.  *See* Defs.' Mot., ECF No. 6, at 1.  As such, the private "choice of forum" considerations weigh in favor of that transferee district, as all parties have now consented to that judicial forum.  Next, the private interest analysis considers the derivation of Plaintiffs' claim.  In this case, Plaintiffs' claim arguably derives from actions carried out by Plaintiffs in Wisconsin, *see* Compl., ECF No. 1, ¶¶ 3–6, 15, the actions of USCIS employees processing employment authorization applications at the USCIS service center in Texas, *see id.* ¶ 25(d); Defs.' Mot. ECF No. 6, at 1, and alleged policy decisions made "within the offices of the DHS and

USCIS, which are headquartered in the District of Columbia," *id.* ¶ 25(e). Given these various predicates, the derivation Plaintiffs' claim is not clearly determinative. The Court does note, however, that a generalized reference to agency policymaking executed within the District of Columbia does not supply a strong connection to this Court for the purposes of venue. *See Al–Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008).

Finally, the remaining private interest factors consider convenience for the parties and for potential witnesses, as well as the procurement of potential evidence. *See Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 385–86. These factors weigh in favor of transfer. As mentioned above, Plaintiffs reside in the transferee judicial district and, consequently, a transfer to that judicial district will render this case more convenient for them. Moreover, Defendants have requested the transfer in question, and the Court, therefore, presumes that the transferee forum will present sufficient conveniences to Defendants as well. Finally, the Court observes that Plaintiffs' employers are both located within the transferee district. *See* Compl., ECF No. 1, ¶¶ 4–5. Given that this case involves issues of employment authorization, *see id.* ¶¶ 1–21, proximity to Plaintiffs' employers will enhance the convenience of procuring potential witnesses and documentary evidence germane to Plaintiffs' claims. In sum, and for the reasons set forth herein, the Court concludes that the balance of private interests weighs in favor of a transfer to the Eastern District of Wisconsin. *See* 28 U.S.C. § 1404(a).

The Court also finds that the public interests ultimately weigh in favor of transfer. To start, the first two public interest factors, which concern the congestion of the respective courts' dockets and their familiarity with the legal issues presented, provide little guidance. *Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 386. Plaintiffs' complaint raises questions under federal law, with which both this Court and courts in the Eastern District of Wisconsin "are equally familiar."

*Bourdon*, 235 F. Supp. 3d at 309. Moreover, as Defendants explain, both the Eastern District of Wisconsin and this judicial district confront congested dockets. *See* Defs.' Mot., ECF No. 6, at 4. Accordingly, these two public interest factors remain neutral. The final public interest factor, however, emphasizes the value of deciding local controversies "at home," and this factor does weigh in favor of transfer. *Bourdon*, 235 F. Supp. 3d at 308. The outcome of this case bears directly on Plaintiffs' ability to live and to work within the Eastern District of Wisconsin and, consequently, there is value in having Plaintiffs' case adjudicated within that judicial district. *See, e.g.*, *Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012). For these reasons, the balance of the public interest factors also weighs in favor of a transfer to the Eastern District of Wisconsin.

In sum, the Court finds that both the private and public interests weigh in favor of a transfer of this action to the Eastern District of Wisconsin. Accordingly, the Court concludes that such a transfer is "in the interests of justice" and will **GRANT** Defendants' motion to transfer this case to the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a).

## II.     Extension of Time to Respond to Complaint

Defendants have also moved for an extension of time to respond to Plaintiffs' complaint. *See* Defs.' Mot., ECF No. 6, at 5. In their motion, Defendants explain that upon a transfer to the Eastern District of Wisconsin, a new Assistant United States Attorney will be assigned to this case, and that new attorney will need "sufficient time to review the case file, discuss this matter with the relevant agencies, and formulate an appropriate response to Plaintiffs' complaint." *Id.* Plaintiffs have consented to this request. *See id.* at 1. Accordingly, and for good cause shown, the Court will **GRANT** Defendants' request for an extension of time to respond to Plaintiffs' complaint. *See* FED. R. CIV. P. 6(b).

\*\*\*\*

For the reasons set forth in this Memorandum Opinion, the Court will **GRANT** Defendants' [6] Consent Motion to Transfer and Extend.  An appropriate Order accompanies this Memorandum Opinion.

**Dated**: February 25, 2021

                                                     /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge